IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John A. Fowler, Jr., ) | Civil Action No.: 7:09-1104-RBH-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Spartanburg Regional Medical Center ) | **OF MAGISTRATE JUDGE** |
| Defendant. ) | |

This matter is before the Court on the defendant's motion to dismiss, pursuant to Rule 37(d)(1), (3) of the Federal Rules of Civil Procedure [Doc. 26] for the plaintiff's failure to participate in discovery.

## DISCUSSION

The defendant's Interrogatories and Requests for Production were served on July 20, 2009. [Doc. 18 ¶ 2.] The plaintiff was originally represented by counsel. On September 3, 2009, his attorney filed a Motion to be Relieved as Counsel. [Doc. 16.] That motion was granted and the parties were instructed to discuss issues related to outstanding discovery. [Doc. 20.] The defendant again served discovery on the plaintiff, on October 21, 2009, and requested responses by November 20, 2009. (Darwin Aff. ¶ 4 & Ex. 1 thereto.) The plaintiff has neither served answers to such discovery or in any other way responded to the defendant concerning this case. *See id.* ¶ 6.

As a result, the defendant filed this motion to dismiss. The Court, therefore, entered an Order, issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), wherein the plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's present motion to dismiss. [Doc. 34.] The plaintiff has made no response and appears to have abandoned the whole matter.

Under Rule 37, a court must consider four factors in deciding whether the sanction of dismissal for disregard of a discovery order is warranted. *See Mutual Federal Savings & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of*

*America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977); *Reaves v. South Carolina*, 2007 WL 4793368 at *4 (D.S.C. Nov. 14, 2007). Factors to be considered in determining whether dismissal is an appropriate sanction are (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the non-compliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of non-compliance; and (4) the effectiveness of less drastic sanctions. *See Mutual Federal*, 872 F.2d at 92; *Wilson,* 561 F.2d at 503-04; *Reaves,* 2007 WL 4793368 at *4.

Because the plaintiff has elected not to respond, it is difficult to assess the plaintiff's motives or reasons for not participating in discovery or this case, otherwise. Suffice it to say, however, that the defendant is substantially prejudiced in having to continue in litigation and expense where the plaintiff himself has abandoned the whole matter. Moreover, less drastic sanctions are not effective to the extent the attention of the plaintiff apparently cannot be drawn in any respect. He refuses to respond either to the defendant or the Court. The plaintiff's silence unacceptably constrains the Court's docket management and case oversight and, therefore, justifies dismissal. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989); *Rowley v. City of North Myrtle Beach*, 2009 WL 2601536, at *3 (D.S.C. August 21, 2009).

## **CONCLUSION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 26] be GRANTED and the plaintiff's claims dismissed *with prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

July 1, 2010<br>
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to the Report and Recommendation, contained herein, with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).